## Alexander Mitchell's lessee *against* Peter De Roche.

Agreement to sell lands, vendee pays part of the money and is put into possession, vendor may maintain ejectment if the full consideration money is not paid.

THIS ejectment was tried at the last assizes for Bucks county, when a verdict was given for the plaintiff by consent of counsel, subject to the court's opinion in bank, on the following statement of facts proved and admitted.

The plaintiff's lessor being seized of the lands in question, agreed by a memorandum in writing dated September 9 1785, to sell to Claudius Paul Raguet (since become bankrupt) and Peter De Roche the premises for 825l. specie, to be paid as follows, viz. 200l. in hand, and the remainder in six yearly

[Mitchell *v.* De Roche.]

payments of 125l. each, without interest. On the 13th September 1785, Mitchell subscribed a receipt at the foot of the agreement for *200l. in full of the first payment, and put the defendant into possession, which he has since [*13 held, but has made no further payments. The defendant is and has been, for sometime past, out of the state, but his wife and family live on the lands, and he is expected to return. Two judgments have been obtained against defendant while in possession, amounting to about 28l. with costs, which are still unsatisfied. The yearly value of the land since the time of the agreement, has been from 20l. to 25l. and at the period of the contract the land was not worth more than 500l. Since the defendant came into possession, some waste has been suffered and committed on the place, but he has made valuable repairs to the amount of 200l.

The question was, whether under these circumstances, the action could be maintained.

For the plaintiff it was insisted that priority of possession was sufficient for the plaintiff, if no title was found for the defendant, and he claimed under plaintiff. 2 Saund. 112. Law of Nisi Pri. 103.

It has been more than once determined here (and particularly in a late case in Northumberland county, between the lessee of Smith and Slough *v.* Buchannan) that ejectment will lie under a mortgage on non-payment of the money. The present case may be justly compared thereto. It is perfectly analogous. The vendor is at least equal to a mortgagee in equity. When one party has trifled with his part of the agreement, equity will not decree a specific performance in his favor, especially if circumstances have altered. 5 Vin. 538, pl. 18. The word "*Pro*," makes a condition precedent. Law of Evid. 199, 201. 8 Mod. 42.—The defendant's title was to vest on payment of the money stipulated, but not before.

*Per Cur.* This is a very clear case. Without payment of the full consideration money the defendant is not entitled to the premises on any principle of law or equity. Such is the evident intention of the contract. Let the defendant tender his money and he can then recover back the land.

Judgment *pro quer.*

Mr. Sergeant, *pro quer.* Mr. Du Ponceau, *pro def.*

Cited in 7 S. & R., 299, where it was decided that after articles for the sale of land, on which the vendor receives part of the purchase money, and the residue is to be paid in several instalments, if the times of payment have expired without payment by the vendee, before or after the suit brought, the vendor may recover in ejectment.

Cited also in 4 Watts, 473, and 9 Watts, 504, in support of the proposition that a vendor may maintain ejectment if the full consideration money is not paid.